# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2022

Lyle W. Cayce
Clerk

No. 22-50373
CONSOLIDATED WITH
No. 22-50377
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Francisco-Francisco,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:20-CR-38-1, 4:21-CR-1020-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Roberto Francisco-Francisco appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1),

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50373
c/w No. 22-50377

along with the revocation of a term of supervised release he was serving for a prior offense. He has not briefed the validity of the revocation of his supervised release or his revocation sentence and has, therefore, abandoned any challenge to them. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

In his sole issue on appeal, Francisco-Francisco contends that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he has raised this issue only to preserve it for further review and conceding that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Francisco-Francisco's motion is GRANTED, and the district court's judgments are AFFIRMED.